United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 09-31683-WJ
Ma Natividad Custodio San Jose                                          Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-6          User: admin            Page 1 of 1              Date Rcvd: Feb 09, 2015
                              Form ID: pdf042        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 11, 2015.
db              +Ma Natividad Custodio San Jose,    385 S Lemon Ave #E-156,    Walnut, CA 91789-2727

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 11, 2015                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 9, 2015 at the address(es) listed below:
              Gilbert B Weisman, ll    on behalf of Creditor    Toyota Motor Credit Corporation
               notices@becket-lee.com
              Ramesh  Singh    on behalf of Interested Party    Courtesy NEF claims@recoverycorp.com
              Rod (WJ) Danielson (TR)    notice-efile@rodan13.com
              Tyson  Takeuchi    on behalf of Debtor Ma Natividad Custodio San Jose tyson@tysonfirm.com,
               albert@tysonfirm.com;armen@tysonfirm.com
              United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                                             TOTAL: 5

1
2
3
4
5
6
7

**FILED & ENTERED**

**FEB 09 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

8             UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                  RIVERSIDE DIVISION
11

12  In re:                                Case No.: 6:09-bk-31683-WJ

13  MA NATIVIDAD CUSTODIO SAN JOSE,       CHAPTER 13

14              Debtor.
                                          **ORDER SETTING STATUS CONFERENCE**
15

16                                        Status Conference:
                                          Date:    March 25, 2015
17                                        Time:    3:00 p.m.
                                          Crtm:    304
18
19
20
21
22
23
24
25
26
27
28

- 1 -

The debtor(s) in this case have filed one or more applications for entry of discharge pursuant to section 1328(a). However, the application(s) are incomplete or contain other errors. Rather than simply deny the application(s), the Court shall provide an opportunity for the debtor(s) to provide new application(s).

Pursuant to section 105(d)(1) of the Bankruptcy Code, in order to further the expeditious and economical resolution of this case, the Court hereby sets a status conference in this case for the date and time set forth above in this order. The status conference shall occur in courtroom 304 of the United States Bankruptcy Court, Central District of California, Riverside Division at 3420 Twelfth Street, Riverside, California 92501.

Prior to the status conference, the debtor(s) should consider filing new, corrected application(s). The most common problems with these types of applications are as follows:

1. Debtors sometimes do not use the correct court form or the correct version of the form. The Court has two forms which are available on its website at www.cacb.uscourts.gov. At the home page for the website, select the tab "Forms" then the option "Other Forms". A list of forms will appear and the correct form is entitled: "Debtors Certification of Compliance Under 11 U.S.C. § 1328(a) and Application for Entry Discharge". There is another form entitled "Debtors Certification of Compliance Under 11 U.S.C. § 1328(a) and Application for Entry Discharge (Interim Case)" but this form only applies to chapter 13 cases filed in 2005 on or after April 20, 2005 but before October 17, 2005. Use the correct version of the form.

2. Debtors sometimes use the correct form but change its language. <u>Do not change any of the existing language in the form</u>. "No modification of the original text of a court-approved form is permitted." LBR 9009-1(c)(2). In certain instances, it is appropriate to add language to the form. In such cases, the added language should be in bold and italicized so that the alterations are vivid and obvious.

3. Some debtors have used the correct form but not filled it out completely. For example, the box for paragraph 2 is often not checked. The box may not be checked because a debtor had no post-petition domestic support obligations or the box may not be checked because the debtor does have a post-petition domestic support obligation but did not pay it. The Court

- 2 -

cannot determine which when the box is not checked.  Therefore, in instances in which debtors do not have post-petition domestic support obligations they should check the box.  If they so desire they may (but are not required) to add the phrase to the end of paragraph 2 in bold and italicized: "(No such obligations existed post-petition.)".  <u>But do not change any of the language in the form</u>.

4.	Likewise, the boxes for paragraphs 5 and 6 are often not checked.  The boxes may not be checked because no debts were declared nondischargeable or reaffirmed.  On the other hand, the boxes may not be checked if a debt is declared nondischargeable or reaffirmed but the debtor declines to disclose such debts.  The Court cannot determine which when the boxes are not checked.  Therefore, in cases in which no debts were declared nondischargeabele or reaffirmed both boxes should be checked and the word "None" added on the blank lines.

5.	Another common omission is the failure to check the box for paragraph 4.  This box should be checked and the last employer information provided.  If a debtor retired (whether before or during the chapter 13 case), the contact information for the last employer should still be provided and, if desired, the debtor may add a phrase (in bold and italicized) such as "(Debtor retired in 2012") or something to that effect.  <u>But do not change any of the language in the form</u>.

6.	With respect to paragraphs 11 and 12, some debtors do not respond to either question.  However, this is not permitted.  If paragraph 11 is checked, no response is necessary for paragraph 12.  If paragraph 11 is not checked, the debtors must respond to paragraph 12 including, but not limited to, paragraph 12(b).  It is an error when no response is given for paragraphs 11 and 12.

In summary, debtors need to use the correct form and the first eleven paragraphs need to be complete and, if applicable, paragraph 12.  For one or more reasons stated above, the application(s) submitted in this case are problematic.

In this case, if new application(s) are submitted promptly, the Court may have sufficient time to review the new documents prior to the status conference.  If sufficient time exists and the new application(s) cure the existing defects, the Court may approve entry of discharge.  If discharge is entered prior to the status conference, neither debtors nor their counsel need to

- 3 -

1  appear at the status conference.  If discharge is entered prior to the status conference, the status
2  conference will remain on calendar in case debtors or their counsel have further questions
3  regarding the case but no appearances are required if the debtors have submitted new
4  application(s) and discharge has been entered prior to the status conference.  If no one appears at
5  a status conference in which discharge has recently been entered, the Court will simply conclude
6  the status conference without appearances.
7  However, if either no new application is filed or a new application is filed but discharge
8  is not entered prior to the status conference, then counsel of record for the debtors must appear at
9  the status conference.  No appearances by telephone or special counsel shall be permitted.
10 Counsel of record must appear to discuss the case.
11 IT IS SO ORDERED.
12 ###

Date: February 9, 2015

_____
Wayne Johnson
United States Bankruptcy Judge

- 4 -